## (November 15, 1957)

■ FORREST E. SPENCER, Appellant, v. LEON S. MARZOLF, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Under the circumstances here present we conclude that it was an improvident exercise of the court's discretion to force plaintiff to commence the trial of the action before the pretrial deposition could be obtained from the court stenographer. All concur. (Appeal from a judgment of Genesee Trial Term for defendant for no cause of action in an automobile negligence action.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.

■ EDWARD M. SPENCER, an Infant, by FORREST E. SPENCER, His Guardian ad Litem, Appellant, v. LEON S. MARZOLF, Respondent.— Same decision and like cause of action as in companion case of *Spencer* v. *Marzolf* (4 A D 2d 1007).

■ GLADYS W. BAILEY, Respondent, v. CENTRAL DRY CLEANING Co., Appellant. HELEN G. WARK, Respondent, v. CENTRAL DRY CLEANING Co., Appellant. RUTH MANN, Respondent, v. CENTRAL DRY CLEANING Co., Appellant. MARIAN T. DANN, Respondent, v. CENTRAL DRY CLEANING Co., Appellant. LLOYD D. NEWMAN, Respondent, v. CENTRAL DRY CLEANING Co., Appellant. REGINALD B. TAYLOR et al., Respondents, v. CENTRAL DRY CLEANING Co., Appellant.— Order reversed in the exercise of discretion, without costs of this appeal to any party, and motion denied, without costs. Memorandum: The discretion of Special Term in excusing the defaults of the plaintiffs was not providently exercised. They delayed for 28 months after receiving notices of appearance before endeavoring to serve the complaints. The defendant was justified in refusing to accept service. It is undisputed that some two months after receiving notices of appearance defendant's counsel inquired of one of plaintiff's attorneys and was informed that the attorney had not prepared the complaints. The excuse proffered that the file was misplaced by plaintiffs' attorneys is inadequate to explain the delay. (Cf. *Fischetti* v. *242 East 19th St. Corp.*, 4 A D 2d 867; *Moshman* v. *City of New York*, 3 A D 2d 824.) In the exercise of a proper discretion the motion should have been denied. All concur, Vaughan, J. P., not voting. (Appeal from an order of Erie Special Term excusing the default of plaintiffs in serving their complaints and permitting service of such complaints.) Present — Vaughan, J. P., Kimball, Williams, Bastow and Goldman, JJ.